

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,437-01

### EX PARTE SHERRON DONDRIEL PHILLIPS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NUMBER CR-566-12-D(1)
### IN THE 206TH DISTRICT COURT
### HIDALGO COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant claims that he is entitled to a statement from the Board of Pardons and Paroles (the Board) detailing the reasons his parole was denied. Applicant asks us to compel the Board to provide him with a more specifically detailed statement of reasons for its decision to deny him parole. Applicant pleaded guilty to possession of marijuana in Hidalgo County and was sentenced to 42 months' imprisonment. On August 1, 2014, the Board sent Applicant notice pursuant to Government Code Section 508.1411 that his first parole

review was denied. Filing pro se, applicant brought a habeas action under Article 11.07 asking this Court to compel the Board to provide a detailed and specific statement of its reasons for denying applicant's release to parole.

The habeas court entered proposed findings of fact and conclusions of law recommending that the application be denied. This Court filed and set the case to determine the following questions: (1) whether habeas corpus is an adequate remedy when an applicant contends that the Board's statement of reasons for denying parole violates the Due Process Clause of the United States Constitution in a case in which there is no presumption that parole will be granted; (2) assuming for the sake of argument that an applicant does have an adequate remedy on habeas, whether Government Code § 508.1411 implicates due process and the written notice provided by the Board satisfies due process; and (3) whether an application for a writ of mandamus is the proper remedy for such claims. *Ex parte Phillips*, No. WR-82,437-01, 2014 WL 7189084 (Tex. Crim. App. Dec. 17, 2014) (not designated for publication).

The briefs were filed in March of 2015. The record reflects that, at that time, applicant's next parole hearing date was set for July 15, 2015. Because applicant's case may have become moot based on a favorable result from the July hearing, we remand the case to the habeas court so that the record may be developed to include the results of that hearing.

This application will be held in abeyance. Phillips's July 15 hearing results shall be forwarded to this Court within 15 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 4, 2015

Do not publish